

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00185-CV

MARK DAVIS, APPELLANT

V.

HIGHLAND CORYELL RANCH, LLC, APPELLEE

On Appeal from the 13th District Court
Navarro County, Texas
Trial Court No. D12-21464-CV, Honorable James E. Lagomarsino, Presiding

June 18, 2019

## DISSENTING OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

The court reverses the trial court's judgment that denied relief sought by Davis against a Texas limited liability company, Highland Coryell Ranch, LLC. Because I believe the law requires affirmance of the trial court's judgment, I respectfully dissent.

The court is correct that we are not constrained by the law of the case doctrine in our decision on this appeal. Resolving the substantive issue presented, however, the court finds Davis is among those entitled to access to records under section 101.502 of

the Business Organizations Code because the statutory definition of "member" of an LLC includes former members. TEX. BUS. ORGS. CODE ANN. § 101.502 (West 2012).

With respect to LLCs, the Business Organizations Code defines a member as "a person who is a member or has been admitted as a member in the limited liability company under its governing documents." TEX. BUS. ORGS. CODE ANN. § 1.002(53) (West 2012). The court reasons that the "has been admitted" language means that a person remains a member under the definition if the person has at some time been admitted, without regard to the person's current membership status. To me, such a "once a member, always a member" concept is foreign to our state's LLC statute and runs directly contrary to many of its provisions.[1]

For one example, if the BOC's definition of LLC member includes former members, the approval or consent of former members is required for admission of new members after the LLC's formation, under section 101.103(c), and for the issuance of membership interests after formation, under section 101.105. TEX. BUS. ORGS. CODE ANN. §§ 101.103(c) & 101.105 (West 2012). For another, section 101.111 provides that an assignor of a membership interest continues to be a member "until the assignee becomes a member of the company." TEX. BUS. ORGS. CODE ANN. §101.111(a) (West 2012). If, as

---

[1] The only governing document in the record is the company's May 2004 regulations, signed by Davis, as a member, and Byron Cook, as member and manager. Nothing in the regulations suggests that former members are to be treated as members of the LLC. I can agree that the flexibility of LLC organization under our state's statutes would permit governing documents to assign some rights or attributes of membership to former members, but no such provision can be found in Highland's regulations. Treating former members as members of the company would produce unworkable results under its regulations' provisions for issuance of cash calls to members, distributions to members, annual meetings of members, and approval by members of continuation of the business after an event requiring dissolution, among other provisions.

the court holds, former members remain members of the LLC, that provision is unnecessary. *See* 20 Elizabeth S. Miller & Robert A. Ragazzo, TEX. PRAC., BUSINESS ORGANIZATIONS § 20:16 n.20 (3d ed.) (quoted provision of section 101.111 implies that assignor member will cease to be a member when and if the assignee is admitted as a member). Finally, if former members are LLC members, and the company is organized without managers, former members are included among the company's governing authority for management under sections 101.251 and 101.252. TEX. BUS. ORGS. CODE ANN. §§ 101.251 & 101.252 (West 2012).

The court points to the limitation placed on access to LLC records by the "proper purpose" requirement contained in section 101.502(a). The court may be correct that the requirement would limit the effect of its broadened definition of LLC member on access to records, but other provisions of the statute contain no such language of limitation.

Faced with the issue presented us by the parties, and despite the challenging statutory-interpretation questions involved, I would not give the statutory definition of member the expansive meaning the court finds. For that reason, I respectfully dissent.


James T. Campbell
Justice

3